IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES A. BROWN #1893446 | § | |
| | § | |
| V. | § | A-13-CA-843-LY |
| | § | |
| JANNICE JOSEPH, | § | |
| CYNTHIA DYAR, and | § | |
| SARA LANEY | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and amended complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. According to Plaintiff, he was charged with three counts of retaliation regarding events which occurred on March 28, 2013, at the Travis County Courthouse. Plaintiff asserts Jannice Joseph (Assistant Travis County Attorney), Cynthia Dyar (Attorney Ad Litem), and Sara Laney (Child Protective Services Specialist), accused Plaintiff of threatening them as they left the courtroom following a court proceeding to terminate Plaintiff's parental rights with regard to his older daughter. Plaintiff contends the statements they gave to the detective were false.

Each alleged victim recounted to a detective the statements Plaintiff made to them while leaving the courthouse. According to Plaintiff, Joseph told the detective he stated, "I know where you live, I am coming for you, when I come to your house they will arrest me." She claimed Plaintiff looked at the three of them and further said, "I know where you live I am getting the electric chair, my life is over, I don't care what happens now." Dyar allegedly told the detective Plaintiff stated, "I know where you live, I'll get the electric chair for what I do, my life is over." She also allegedly told the detective Plaintiff made several comments that the defendants "won't get to take his other daughter." Laney allegedly told the detective Plaintiff repeatedly said, "I know where you live, let them arrest me, I will get you, let them arrest me, give me the electric chair, my life is over." Plaintiff contends video footage shows the three accounts are inconsistent. Plaintiff suggests this proves the victims' statements were false. Plaintiff contends the victims' statements have exposed Plaintiff to unreasonable risk of injury because "the 331st District Court is offering [him] 15 years in prison on an errorness [sic] indictment which came from three statements of aggravated perjury."[1]

     During his pretrial incarceration, Plaintiff claims he was unable to attend a hearing where a state court judge issued an order requiring Plaintiff to stay 200 yards away from his younger daughter and her mother. In addition, Plaintiff alleges he was unable to prepare his civil appeal with regard to his older daughter and he missed visitation with both daughters. Plaintiff complains he attempted to give guardianship of his older daughter to his mother. However, his mother failed her home study, because she refused a psychological evaluation. Plaintiff accuses Dyar of slandering his mother because she claimed Plaintiff's mother was mentally ill. Plaintiff complains, as a result, his older

---

[1]Plaintiff subsequently informed the Court he was found guilty of the retaliation charges. Offender Information Details for the Texas Department of Criminal Justice reflect Plaintiff was sentenced to 15 years in prison for each charge.

daughter is being put up for adoption, and Laney did not look into four of Plaintiff's family members for guardianship.

Plaintiff sues Joseph, Dyar, and Laney. He seeks reunification with his children, a preliminary injunction, punitive damages in the amount of $400,000, and compensatory damages of $300,000 from each defendant. He additionally seeks to press criminal charges of aggravated perjury against the defendants.

In an attempt to avoid dismissal of his complaint, Plaintiff filed an amended complaint. He adds his retaliation charges stem from aggravated perjury from the victims. He claims he was treated differently because he is a poor class citizen with disfavored legal status. He also challenges his indictment. In addition, Plaintiff adds allegations regarding his children's custody and his parental rights. He finds fault in the procedures used and the decisions made by the 98th Judicial District Court of Travis County and the 126th Judicial District Court of Travis County with regard to his family law cases.

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status

does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

  B.  Criminal Charges

Plaintiff contends criminal charges should be brought against the three defendants. However, Plaintiff does not have a constitutional right to have someone criminally prosecuted. Oliver v. Collins, 914 F.2d 56 (5th Cir. 1990).

  C.  Challenge to Retaliation Charges

Plaintiff's claims challenging his retaliation convictions must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his convictions for retaliation have been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's claims challenging his retaliation convictions should be dismissed without prejudice to refile once the conditions of Heck are met. Plaintiff should be allowed to refile only upon a showing that his convictions have "been reversed on direct appeal, expunged by executive order, declared invalid by

a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

    D.    Challenge to Child Custody and Parental Rights

        1.    *The Rooker–Feldman Doctrine*

Plaintiff's claims challenging the orders of the state courts regarding the termination of his parental rights and custody of his children are jurisdictionally barred by the Rooker–Feldman Doctrine. Under the Rooker–Feldman doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." Weaver v. Tex. Capital Bank N.A., 660 F.3d 900, 904 (5th Cir. 2011) (quoting Liedtke v. State Bar of Tex., 18 F.3d 315, 317 (5th Cir. 1994)). "If the district court is confronted with issues that are 'inextricably intertwined' with a state judgment, the court is 'in essence being called upon to review the state court decision,' and the originality of the district court's jurisdiction precludes such a review." United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)). It is well settled that, as a jurisdictional matter, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986).

Plaintiff appears to be collaterally attacking the propriety of the state courts' decisions with regard to his parental rights and custody of his children. These claims are "inextricably intertwined" with orders issued by the state courts, and his recourse is by appeal through the state court system.

        2.    *The Younger Abstention Doctrine*

In the alternative, to the extent that any custody or parental rights issues remain pending in the state court, Plaintiff's lawsuit is barred by the abstention doctrine of Younger v. Harris, 401 U.S.

37 (1971) (holding a federal court must abstain from enjoining a state criminal proceeding). Under the rule specified by the Supreme Court in Younger and its progeny, federal district courts are instructed to refrain from entertaining demands for injunctive or declaratory relief premised upon constitutional challenges to state criminal or civil proceedings which are imminent at the time the federal suit is initiated. Younger v. Harris, 401 U.S. 37 (1971) (injunctive relief); Samuels v. Mackell, 401 U.S. 66 (1971) (declaratory relief); Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (extending the abstention doctrine to cases seeking an injunction of state civil proceedings). The Fifth Circuit has determined Younger and Middlesex compel a federal district court to abstain under the following circumstances: (1) the dispute "involve[s] an 'ongoing state judicial proceeding'"; (2) an important state interest in the subject of the proceeding is involved; and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. Wightman v. Texas Supreme Court, 84 F.3d 188, 189 (5th Cir. 1996) (citing Middlesex Cnty., 457 U.S. at 432)).

If the state court custody and parental rights dispute previously discussed remains ongoing and the state court's rulings are not final, the Younger abstention doctrine is applicable to this case and requires this Court to abstain from entertaining Plaintiff's claims.[2] Plaintiff's claims involve family and child custody issues, both of which are important state interests, and Texas state law provides a sufficient avenue for Plaintiff to present his claims. Therefore, this Court is compelled by Younger, to the extent that any custody or parental rights issues remain pending in the state court, to abstain from hearing Plaintiff's claims.

---

[2]Plaintiff's complaint does not make clear whether any of his custody or parental rights issues remain pending in state court.

3. *Domestic-Relations Exception*

Finally, Plaintiff's lawsuit involves a domestic-relations dispute over the custody or parental rights of a minor child or children or is so entangled in the plaintiff's domestic-relations controversy as to be within the bounds of the domestic relations exception to federal jurisdiction. As such, this Court lacks jurisdiction to adjudicate Plaintiff's domestic-relations controversy. See Goins v. Goins, 777 F.2d 1059, 1063 (5th Cir. 1983) ("the [p]laintiff's claims against certain [d]efendants are so enmeshed in her domestic relations controversy, which is properly within the province of the state court, that the exercise of the federal district court's jurisdiction would be improper.").

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims challenging his retaliation convictions be dismissed without prejudice to refile once the conditions of Heck are met pursuant to 28 U.S.C. § 1915(e). It is further recommended that Plaintiff's claims challenging his parental rights or the custody of his children be dismissed without prejudice for want of jurisdiction. It is finally recommended that Plaintiff's request to file criminal charges against the defendants be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge

of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of May, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE